```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
LESLIE MAIZE,

                    Petitioner,         MEMORANDUM & ORDER
                                        08-CV-03066 JS)
         -against-

COUNTY COURT OF NASSAU COUNTY,

                    Respondent.
----------------------------------------X

APPEARANCES:
For Petitioner:     Leslie Maize, pro se
                    # 05-R-0900
                    Gowanda Correctional Facility
                    P.O. Box 311
                    Gowanda, New York 14070

For Respondent:     Kathleen M. Rice, Esq.
                    District Attorney, Nassau County
                    262 Old Country Road
                    Mineola, New York 11501
                    BY:  ADA Tammy J. Smiley, Esq.
                         ADA Ilisa T. Fleischer, Esq.
```

SEYBERT, District Judge:

Petitioner Leslie Maize has moved for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He has also moved to amend his original habeas corpus petition to set forth a new ground for relief. For the foregoing reasons, Mr. Maize's motion to amend is GRANTED. His petition, as amended, is DENIED.

## BACKGROUND

On January 25, 1993, SZ was raped in her home in the middle of the night. Resp. Br. at 1. Police canvassed the area but could not locate her attacker.

On September 29, 1993, Police Officer Jim Loulie pulled

Mr. Maize over after he was seen driving around a residential area at night with his lights off. Resp. Br. at 5. Mr. Maize responded by pulling out a gun and shooting at Officer Loulie. Id. Officer Loulie returned fire, wounded Mr. Maize, and then arrested him for attempted murder. Id. In connection with this incident, Mr. Maize pled guilty to criminal possession of a firearm with intent to use it. Id. at 12. He was sent to jail and remained incarcerated until September 27, 1999, when he was paroled. Id.

In December 1999, New York amended N.Y. Exec. L. § 995 et seq. to require most felony offenders to submit a DNA sample, which would then be collected in a DNA database. This law's retroactive application created a backlog of 70,000 samples, slowing police efforts to link offenders to unsolved crimes. Resp. Br. at 9. Thus, the authorities did not collect a sample from Mr. Maize until January 20, 2000. Id. at 10. And his sample was not matched to SZ's rapist's semen until September 18, 2002. Id.

On October 2, 2002, police finally arrested Mr. Maize for SZ's rape. The New York Supreme Court for Nassau County initially dismissed the indictment on the grounds that the statute of limitations had expired. Id. at 2. But, following a motion for reconsideration, the Court held a timeliness hearing and subsequently found that, because police had exercised "reasonable diligence" in identifying Mr. Maize as the rapist, the statute of limitations had been tolled. Id. at 13. Mr. Maize then pled

2

guilty, and received a sentence of between 6 to 12 years, with credit for time already served. Id. at 16. During the sentencing process, Mr. Maize remarked that he pled guilty only because he believed he would be freed on an appeal "based upon the statute of limitations on whether or not we actually had the ability to prosecute him." Id. at 16.

True to this word, Mr. Maize appealed his conviction despite his guilty plea, arguing – among other things – that the statute of limitations barred his prosecution, that New York State's DNA statute violated his Fourth Amendment rights, and that his trial counsel had been ineffective. The New York Appellate Division, Second Department denied Mr. Maize's appeal. See People v. Maize, 40 A.D.3d 884, 834 N.Y.S.2d 484 (2d Dep't 2007). The Second Department concluded that Mr. Maize forfeited his timeliness argument by pleading guilty and that, in any event, his argument was "without merit." Id. It further held that Mr. Maize's challenge to the DNA statute was both "unpreserved for appellate review" and "without merit." And it held that Mr. Maize's ineffective assistance of counsel claim "involves matters dehors the record," and thus could not be raised on direct appeal. Id. After losing his direct appeal, Mr. Maize filed a state court motion seeking to vacate his conviction on the grounds of ineffective assistance of counsel, pursuant to N.Y. C.P.L. § 440.10. Resp. Br. at 18. That motion was also denied, and the

3

Second Department denied Mr. Maize leave to appeal it. Id.; Petition Ex. 1.

On July 3, 2008, Mr. Maize commenced this action. Mr. Maize's original petition alleged that his trial counsel was ineffective in: (1) "fail[ing] to present material evidence in support of petition defense"; and (2) being "ineffective at defendant's pretrial statute of limitations hearing." On November 14, 2008, Mr. Maize moved to amend his petition to set forth a new ground for relief: an allegation that his conviction somehow violated the Constitution's ex post facto clause. Both these grounds are completely without merit.

## DISCUSSION

I. Federal Habeas Review of State Convictions

Petitioner filed this action after the April 24, 1996, effective date of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the AEDPA's provisions apply to his case. See Williams v. Taylor, 529 U.S. 362, 402, 120 S. Ct. 1479, 1518, 146 L. Ed. 2d 389 (2000). Under the provisions of 28 U.S.C. § 2254(d), a habeas corpus application must be denied unless the state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in

4

light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This deferential review is applied as long as the "federal claim has been 'adjudicated on the merits' by the state court." Cotto v. Herbert, 331 F.3d 217, 231 (2d Cir. 2003). "A state court adjudicates a petitioner's federal constitutional claims on the merits when it (1) disposes of the claim on the merits, and (2) reduces its disposition to judgment." Norde v. Keane, 294 F.3d 401, 410 (2d Cir. 2002) (internal citations and quotations omitted).

"Clearly established federal law refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision." Howard v. Walker, 406 F.3d 114, 122 (2d Cir. 2005) (internal citations and quotations omitted). A decision is "contrary to" established federal law if it either "applies a rule that contradicts the governing law set forth in" a Supreme Court case, or it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [their] precedent." Penry v. Johnson, 532 U.S. 782, 792, 121 S. Ct. 1910, 150 L. Ed. 2d 9 (2001) (internal quotations and citations omitted). A decision is an "unreasonable application of" clearly established Supreme Court precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Penry, 532 U.S. at 792. Accordingly,

5

"a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." Williams, 529 U.S. at 411.

"[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). As a result, Petitioner bears the burden of "rebutting the presumption of correctness by clear and convincing evidence." Id. This is "particularly important when reviewing the trial court's assessment of witness credibility." Cotto, 331 F.3d at 233 (internal citations and quotations omitted).

II. Mr. Maize did not Receive Ineffective Assistance of Counsel

Under the Sixth Amendment, a criminal defendant has "the right to effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). However, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689, 104 S Ct. 2052, 2065, 2068, 80 L. Ed. 2d 674 (1984). To prevail on an ineffective assistance of counsel claim, Petitioner must demonstrate both (1) that "counsel's representation fell below an objective standard of reasonableness" measured under "prevailing professional norms," and (2) "that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Id. at 694.

Before a federal habeas court can rule on an allegation of ineffective assistance of counsel under § 2254, each factual claim made in support of it must be fairly presented to a state court. See Rodriquez v. Hoke, 928 F. 2d 534, 538 (2d Cir. 1991). Mr. Maize complied with this requirement by filing a motion under N.Y. C.P.L. § 440.10 that raised the same ineffective assistance of counsel claims he asserts here. Thus, the Court can address Mr. Maize's ineffective assistance of counsel claims on their merits.

In so addressing them, the Court finds these claims to be without merit. As an initial matter, the Court notes that both of Mr. Maize's ineffective assistance of counsel claims ("fail[ing] to present material evidence in support of petition defense" and being "ineffective at defendant's pretrial statute of limitations hearing") appear to concern the same allegedly ineffective conduct. Specifically, as seen in Mr. Maize's N.Y. C.P.L. § 440.10 papers, the "material evidence" he alleges that trial counsel failed to "present" solely consisted of evidence showing – he believed – that police had not exercised "reasonable diligence" in tracking him down, and thus had not justified tolling the statute of limitations. In particular, Mr. Maize alleged that his counsel was

7

ineffective in not introducing evidence showing that he was in custody between September 29, 1993 and September 27, 1999, and on probation until September 26, 2002. Thus, Mr. Maize argues that the police could have located him at any time to arrest him for SZ's rape, and the police's failure to do so evidences their lack of "reasonable diligence" in prosecuting him. See 08-CV-3066, Docket # 1-1 at p. 38-39 (Mr. Maize's N.Y. C.P.L. § 440.10 motion papers).

This argument is frivolous. Contrary to Mr. Maize's claims, his counsel did – in fact - present the New York Supreme Court with evidence showing that he was either in custody or on parole for nearly the entire time that SZ's rape remained unsolved and unprosecuted. See, May 15, 2003 Hearing Tr. at 212-213. And Mr. Maize's counsel also adduced evidence showing that the police did not even request serological evidence relating to Mr. Maize's 1993 crime, even though they certainly could have done so. Indeed, on the whole, Mr. Maize's trial counsel was far more than adequate – as he succeeded, at least initially, in getting Mr. Maize's indictment tossed out on statute of limitations grounds. The fact that the indictment was reinstated did not remotely result from any deficiencies in counsel's performance. Rather, it resulted from the Hon. Ira H. Wexner's findings, as a matter of New York law, that the police exercised reasonable diligence in prosecuting Mr.

Maize.[1]

Thus, Mr. Maize's ineffective assistance of counsel claims are without merit.

III. Mr. Maize's Ex Post Facto Claim is Without Merit

Mr. Maize also argues that his conviction violated the Constitution's ex post facto clause, because it depended upon a law passed after the statute of limitations had expired for the offense. But Mr. Maize is mistaken, for three reasons.

First, the Second Department has already found that, under New York law, Mr. Maize waived any protection the statute of limitations might have afforded him by pleading guilty. This decision is not "contrary to" established federal law as determined by Supreme Court precedent, or an "unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). Consequently, it cannot be challenged here.

Second, under N.Y. C.P.L. § 30.10, the statute of limitations applicable to a rape is tolled if the "whereabouts of the defendant were continuously unknown and continuously unascertainable by the exercise of reasonable diligence." N.Y.

---

[1] In addition, although not directly raised by Mr. Maize, it should be noted that Justice Wexner's findings are not "contrary to" established federal law as determined by Supreme Court precedent, or an "unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). Quite the opposite: Justice Wexner's findings were eminently reasonable, in light of the fact that the police had no reason to connect Mr. Maize with SZ's rape in 1993, and continued to have no reason to do so until Mr. Maize's DNA was matched in 2002.

C.P.L. § 30.10(4)(a)(ii). This section was in effect when Mr. Maize's statute of limitations purportedly "expired." Thus, contrary to Mr. Maize's contention, his case is not like Stogner v. California, 539 U.S. 607, 123 S. Ct. 2446, 156 L. Ed. 2d 544 (2003), where a statute of limitations was made retroactive to a defendant to unconstitutionally revive a time-barred claim. Thanks to C.P.L. § 30.10(4)(a)(ii)'s provisions, the statute of limitations never expired in this case.

And third, Mr. Maize has not identified any actual ex post facto law. Instead, Mr. Maize identifies, and complains about, amendments to N.Y. Exec. L. § 995 et seq., which passed in 1999. But all these amendments did was authorize the creation of a DNA database and require most felony offenders to contribute samples to it. Petitioner's Constitutional right to not face liability ex post facto means that New York cannot "retroactively alter the definition of crimes or increase the punishment for criminal acts." Calif. Dep't of Corr. v. Morales, 514 U.S. 499, 504, 115 S. Ct. 1597, 131 L. Ed. 2d 588 (1995). It does not mean that New York is precluded from using new evidentiary tools, such as a DNA evidence database, to investigate and prosecute old offenses.

Accordingly, Mr. Maize's ex post facto claim is also without merit.

## CONCLUSION

Mr. Maize's 28 U.S.C. § 2254 petition is denied in its entirety. A Certificate of Appealability is DENIED. The Clerk of the Court is instructed to mark this docket as closed.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
September 10 , 2009